IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TYREE W. BROWN**                                                  **PLAINTIFF**

**v.**                                                 **CAUSE NO. 3:13-CV-359-DPJ-FKB**

**THE DOW CHEMICAL COMPANY**                               **DEFENDANT**

**ORDER**

Before the court in the above styled cause is the defendant's motion to dismiss. Having reviewed the motions, the pleadings, memoranda and arguments of the parties, and attachments submitted thereto, this court is persuaded that defendant's motion should be granted.

As Defendant Dow Chemical has pointed out, Plaintiff Tyree Brown has brought numerous claims over the past several decades in state and federal courts, alleging that he and different members of his family have been harmed by their exposure to chemicals produced by Dow Chemical. In *Brown v. Illinois Cent. R. Co., Inc.*, CIV.A. 3:09-CV-296WHB-LRA, 2009 WL 3644908 (S.D. Miss. Oct. 30, 2009) *aff'd*, 480 F. App'x 753 (5th Cir. 2010), Judge Barbour adequately summarizes Plaintiff's various lawsuits. Most notably, every claim for relief that Plaintiff has sought has been rejected or dismissed. In fact, Judge Barbour determined that Brown's own lawsuit filed in 2009 for his own injuries was barred by the statute of limitations because he was aware of his injuries more than three years prior to the date he filed his complaint. *Id*. at 8. That ruling was affirmed by the Fifth Circuit Court of Appeals. *See Brown v. Illinois Cent. R. Co.*, *Inc.*, 480 Fed.Appx. 753 (5th Cir. 2010).

In the present suit, Plaintiff, under Miss. Code. Ann. § 11-7-13 (Supp. 1988), asserts a wrongful death claim against Dow Chemical on behalf of his brother, Keith Allen Brown, alleging that Brown was exposed to the chemical pentachlorophenol by Dow Chemical, which

caused him to suffer cancer. *See* Pl.'s Compl., Docket No. 1, at 7. According to Plaintiff, Brown was diagnosed *in 1983* and subsequently died as a result on January 9, 2012. *Id*. This suit was later filed on June 11, 2013. *Id*. at 1.

Defendant contends that this case must be dismissed on the grounds that Plaintiff's claim is barred by the statute of limitations, lack of standing, failure to state a claim, and *res judicata*. Def's Mem. in Supp. of Mot. to Dismiss, Docket No. 6, at 4.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqubal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id*. (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. (citation omitted).

Just like his case, Plaintiff's wrongful death claim that he purports to bring[1] on behalf of his brother is governed by a three-year statute of limitation. *See Brown*, 2009 WL 3644908 at *7 (citing Miss. Code. Ann. § 15-1-49(1)). Because Brown was diagnosed some time in 1983, well over three years before the current suit was filed, Plaintiff's claim is time-barred pursuant to § 15-1-49(1). *Id*. at 8 (holding that the three-year statute of limitations began to accrue when the plaintiff first had knowledge of his personal injuries, not knowledge of the cause).

---

[1] Although this Court finds that the statute of limitations issue is dispositive, it appears that the Plaintiff, who does not allege that he was authorized to bring this case on behalf of his brother's estate, indeed lacks standing to bring this action. *See Clark Sand Co., Inc. v. Kelly*, 60 So. 3d. 149, 155-56 (Miss. 2011).

With all due respect to the Plaintiff's quest for relief, at some point he must accept the finality of the decisions of the judges of this Court, the Fifth Circuit Court of Appeals and the Mississippi state courts. The Court's resources used considering these hopeless claims have needlessly been diverted from those cases which have some semblance of merit.

Accordingly, the Court will grant Defendant Dow Chemical's motion to dismiss.

**SO ORDERED**, this the 25th day of February, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE